UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-68-1 (1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| KEITH LUDLUM | ) | |

The Grand Jury charges that:

**INTRODUCTION**

At all times material to this Indictment:

1.  Local Union 1208 ("Local 1208") was a chapter of the United Food and Commercial Workers International Union ("UFCW") and was a "labor organization," as defined in Title 29, United States Code, Section 402, and a "labor organization" engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). Local 1208 represented, actively sought to represent, and admitted to membership individuals who were employed primarily in the meatpacking industry within the Eastern District of North Carolina. Local 1208 had approximately 3,600 members.

2.  Local 1208 was required to file a Form LM-2 Labor Organization Annual Report with the United States Department of Labor, pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29, United States Code, Section 431(b). In the LM-2, Local 1208 was required to report the previous fiscal

year's disbursements for official business purposes, including union administration, political contributions, gifts and grants, and general overhead.

3. Local 1208 was required to report the amounts of salary, reimbursed expenses, allowances, and other financial disbursements paid to union officers and employees receiving more than $10,000 from Local 1208 during the fiscal year for which the LM-2 report was filed. Local 1208 was also required to keep and maintain records on the matters reported on the LM-2 report which provide in sufficient detail the basic information and data by which the LM-2 report may be verified, explained, clarified, and checked for accuracy and completeness, pursuant to Title 29, United States Code, Section 436. Such required records included expense vouchers and receipts, worksheets, and other contemporaneous records reflecting all union receipts and disbursements reported on the LM-2 reports.

4. Local 1208 operations were funded, in part, by the salaries of the workers who composed its membership. The assets of Local 1208 were the assets of its membership, not the leadership. Under federal law, and the constitution and by-laws of the union, these assets could only be used for legitimate business expenses of the union, and the leadership and other members of Local 1208 were prohibited from using funds of Local 1208 for their personal benefit.

5. Defendant KEITH LUDLUM (hereinafter "the Defendant" or "LUDLUM") was the President of Local 1208. In accordance with the UCFW Constitution, LUDLUM's responsibilities included: supervising the union's affairs; enforcing the union constitution and bylaws; disbursing union funds subject to

2

executive board approval, and; making an itemized financial statement, including a statement of all monies received and paid out, at each regular meeting of the executive board, and for making financial records available to union trustees at their request.

6. As the President, LUDLUM was by federal law an officer and representative of Local 1208, and a fiduciary occupying a position of trust in relation to Local 1208 and its members as a group pursuant to Title 29, United States Code, Section 501(a). As a fiduciary of Local 1208, LUDLUM's duties and obligations included: (1) holding Local 1208's money and property solely for the benefit of the organization and its members; (2) managing and expending Local 1208's funds in accordance with its constitution, by-laws, and applicable resolutions of its executive board; (3) avoiding acting, directly or indirectly, on his own personal behalf or for the benefit of any party whose interests where adverse to Local 1208's interests; (4) refraining from holding or acquiring any pecuniary or personal interest that conflicted with Local 1208's interests; and (5) accounting to Local 1208 for any profit he received, in whatever capacity, in connection with transactions conducted by him or under his direction on behalf of the organization.

## COUNT ONE

7. The allegations contained in paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

8. From in or about January 2012 through in or about March 2015, in the Eastern District of North Carolina and elsewhere, the Defendant, KEITH LUDLUM, knowingly and intentionally conspired with others, known and unknown to the Grand Jury, to commit offenses against the United States, that is, to knowingly, intentionally and willfully embezzle, steal, abstract and convert to his own use and the use of another, on a recurring basis, money, funds, property, and other assets of a labor organization of which he was an officer, knowing his appropriation of the property was unauthorized, in violation of Title 29, United States Code, Section 501(c).

## Object of the Conspiracy

9. The object of the conspiracy was for the Defendant, KEITH LUDLUM, and others known to the Grand Jury, to embezzle, steal, and unlawfully and willfully abstract and convert the moneys, funds, property, and other assets belonging to Local 1208 for their personal use, and for the personal use of their families and friends, by means of purchases and cash withdrawals using the Local 1208 debit card and by means of checks drawn on the Local 1208 account, which were not authorized by the executive board of Local 1208.

## Manner and Means

10. It was a part of the conspiracy that the Defendant, KEITH LUDLUM, and others, would cause the expenditure of more than $250,000 of Local 1208 funds

4

contrary to the governing rules of UFCW and for uses other than for the benefit of Local 1208 and its members.

11. It was a part of the conspiracy that the Defendant, KEITH LUDLUM, and others, would use and authorize the use of Local 1208 Wells Fargo debit cards to make purchases, including for vacations, travel, restaurant meals, clothing, all-terrain-vehicles, firearms, ammunition, hunting supplies, rental cars, golf supplies, electronics, home improvement stores, doctor's visits, auto insurance, groceries, among others, that were not authorized by the executive board and other than for the benefit of its members.

12. It was a part of the conspiracy that the Defendant, KEITH LUDLUM, and others, would prepare and distribute checks from the Local 1208 Wells Fargo checking account that were not authorized by the executive board and other than for the benefit of its members.

13. It was a part of the conspiracy that the Defendant, KEITH LUDLUM, would conceal the unlawful expenditure of Local 1208 funds by: (1) forging the signature of the Local 1208 secretary/treasurer on checks; (2) causing false executive board meeting minutes to be created reflecting executive board discussion and approval of expenditures, when in fact the executive board did not discuss or approve the expenditures; and (3) falsely representing, and encouraging others to falsely represent, that expenditures were for legitimate, business-related expenses of Local 1208.

## Overt Acts

14. In furtherance of the conspiracy, and to effect the objects thereof, the Defendant, KEITH LUDLUM, and his co-conspirators, committed and caused to be committed the following overt acts, among others, in the Eastern District of North Carolina and elsewhere:

### Acts Involving the Use of Local 1208 Debit Cards for Expenses Associated with Personal Travel

15. The following overt acts are representative examples of LUDLUM and others' use of a Local 1208 Wells Fargo debit card to pay for expenses associated with vacations and personal travel:

 a. In or about February 2012, KEITH LUDLUM caused $5,748.00 in union money to be used to pay for a trip for himself and others at an all-inclusive resort in Punta Cana, Dominican Republic.

 b. On or about October 12, 2013, KEITH LUDLUM caused $469.99 in union money to be used to pay for a vacation for himself and Individual #1 at SeaWorld in Orlando, Florida.

 c. On or about January 2, 2014, KEITH LUDLUM and/or Individual #1 caused $147.12 in union money to be used at Lime Beauty Supply, Union City, NJ.

 d. On or about January 2, 2014, KEITH LUDLUM and/or Individual #1 caused $175.50 in union money to be used at Sapphire Co., Union City, NJ.

 e. On or about January 3, 2014, KEITH LUDLUM and/or Individual #1 caused $239.54 in union money to be used to pay for a hotel in Secaucus, NJ.

 f. On or about January 19, 2014, KEITH LUDLUM and/or Individual #1 caused $403.00 in union money to be withdrawn from an ATM in Silver Spring, MD.

g.  On or about January 19, 2014, KEITH LUDLUM and/or Individual #1 caused $113.78 in union money to be used at Asian Bistro restaurant in Silver Spring, MD.

h.  On or about July 2, 2014, KEITH LUDLUM and/or Individual #1 caused $39.00 in union money to be used at El Rincon restaurant in West New York, NJ.

i.  On or about July 2, 2014, KEITH LUDLUM and/or Individual #1 caused $300.00 in union money to be withdrawn from an ATM in Fort Lee, NJ.

j.  On or about July 3, 2014, KEITH LUDLUM and/or Individual #1 caused $916.00 in union money to be used at Michael Kors, Inc. in Elizabeth, NJ.

k.  On or about July 4, 2014, KEITH LUDLUM and/or Individual #1 caused $128.18 in union money to be used at an Applebee's in Elizabeth, NJ.

l.  On or about July 4, 2014, KEITH LUDLUM and/or Individual #1 caused $500.00 in union money to be withdrawn from an ATM in Guttenberg, NJ.

m.  On or about July 4, 2014, KEITH LUDLUM and/or Individual #1 caused $240.35 in union money to be used to pay for a hotel room in Edgewater, NJ.

n.  On or about July 5, 2014, KEITH LUDLUM and/or Individual #1 caused $263.25 in union money to be used to pay for a hotel room in Edgewater, NJ.

o.  On or about November 26, 2014, KEITH LUDLUM and/or Individual #1 caused $318.58 in union money to be used to make a purchase at B.J.'s Wholesale in Rutherford, NJ.

Acts Involving the Use of Local 1208 Debit Card for Personal Items

16.  The following overt acts are representative examples of hundreds of personal purchases made through the misuse of the Local 1208 Wells Fargo debit card issued to LUDLUM:

a.  On or about January 19, 2013, KEITH LUDLUM caused at least $113.35 in union money to be used to pay for personal items, including a dead fowl

dog trainer, grouse training scent, outdoor warmers and other hunting supplies at Gander Mountain.

   b. On or about December 18, 2013, KEITH LUDLUM caused at least $436.58 in union money to be used to pay for personal items, including a Taurus Model TCP738 semi-automatic handgun with laser site, at Gander Mountain.

   c. On or about December 18, 2013, KEITH LUDLUM caused $1,978.98 in union money to be used to pay for personal auto insurance.

   d. On or about December 26, 2013, KEITH LUDLUM caused at least $448.27 in union money to be used to pay for personal items, including trail cameras, coyote urine, sugarbeet deer attractant and other hunting supplies at Gander Mountain.

   e. On or about February 1, 2014, KEITH LUDLUM caused at least $319.66 in union money to be used to pay for personal items, including glow pets, socks, chewing gum, body wash, shampoo, deodorant, children's clothing, Barbie pony, baby wipes, razors, ibuprofen, deodorant, detergent, and a Carolina Panthers NFL sweatshirt at B.J. Wholesale Club, Inc., Fayetteville, NC.

   f. On or about February 22, 2014, KEITH LUDLUM caused at least $154.98 in union money to be used to pay for personal items, including flashlights, at B.J. Wholesale Club, Inc., Fayetteville, NC.

   g. On or about February 24, 2014, KEITH LUDLUM caused at least $97.89 in union money to be used to pay for personal items, including a Bluetooth player, flashlights, and chapstick at B.J. Wholesale Club, Inc., Fayetteville, NC.

   h. On or about February 26, 2014, KEITH LUDLUM caused at least $15.97 in union money to be used to pay for personal items at Gander Mountain.

   i. On or about March 15, 2014, KEITH LUDLUM caused at least $109.97 in union money to be used to pay for personal items, including fishing bait, at Gander Mountain.

   j. On or about April 5, 2014, KEITH LUDLUM caused $14,769.05 in union money to be used to pay for two 2014 Honda model TRX500FE1 all-terrain-vehicles from Currie Chain Saw, Lumberton, NC.

k. On or about April 16, 2014, KEITH LUDLUM caused at least $381.93 in union money to be used to pay for personal items, including nutrition shakes, diapers, baby wipes, NFL apparel, rice, beach towels, body wash, soap, styling gel, cheese, and ramen chicken at B.J. Wholesale Club, Inc., Fayetteville, NC.

l. On or about May 22, 2014, KEITH LUDLUM caused at least $268.56 in union money to be used to pay for personal items, including beer, cereal, diapers, children's clothing, ice cream sandwiches, and detergent at B.J. Wholesale Club, Inc., Fayetteville, NC.

m. On or about June 1, 2014, KEITH LUDLUM caused $422.95 in union money to be used to pay for personal items at Petsmart Inc.

n. On or about June 5, 2014, KEITH LUDLUM caused $280.59 in union money to be used to pay for personal items at Golfsmith Golf 87, Raleigh, NC.

o. On or about June 6, 2014, KEITH LUDLUM caused $148.42 in union money to be used to pay for personal items at Petsmart Inc.

p. On or about June 15, 2014, KEITH LUDLUM caused $413.12 in union money to be used to pay for personal items at U.S. Open Pinehurst, Pinehurst, NC.

q. On or about June 29, 2014, KEITH LUDLUM caused $133.49 in union money to be used to pay for personal items at Petsmart Inc.

r. On or about August 16, 2014, KEITH LUDLUM caused at least $207.50 in union money to be used to pay for personal items, including cabbage, cereal, socks, styling gel, body wash, shampoo, deodorant, razors, shaving gel, toothpaste, and detergent at B.J. Wholesale Club, Inc., Fayetteville, NC.

s. On or about August 23, 2014, KEITH LUDLUM caused at least $373.57 in union money to be used to pay for personal items, including .12 gauge shotgun shells and hunting apparel, at Gander Mountain.

t. On or about August 23, 2014, KEITH LUDLUM caused at least $94.46 in union money to be used to pay for personal items, including diapers, baby wipes, pillows, and cereal at B.J. Wholesale Club, Inc., Fayetteville, NC.

u. On or about October 11, 2014, KEITH LUDLUM caused at least $59.95 in union money to be used to pay for personal items, including antibiotic ointment, chewing gum, and medication at B.J. Wholesale Club, Inc., Fayetteville, NC.

v. On or about November 15, 2014, KEITH LUDLUM caused at least $167.86 in union money to be used to pay for personal items, including mouthwash, soap, deodorant, lotion, trash bags, razors, shaving cream, and detergent at B.J. Wholesale Club, Inc., Fayetteville, NC.

Acts Involving the Unauthorized Payment of Union Funds by Check

17. The following overt acts are representative examples of dozens of instances in wherein LUDLUM and others caused unauthorized union funds to be paid in the form of checks drawn on the Local 1208 Wells Fargo checking account:

a. On or about June 28, 2013, KEITH LUDLUM caused $978.59 in union money to be paid to himself by Wells Fargo check #5540.

b. On or about October 11, 2013, KEITH LUDLUM caused $1,003.10 in union money to be paid to himself by Wells Fargo check #5853.

c. On or about November 26, 2013, KEITH LUDLUM caused $1,003.10 in union money to be paid to himself by Wells Fargo check #5996.

d. On or about October 9, 2014, KEITH LUDLUM caused $1,400 in union money to be paid to Individual #3 by Wells Fargo check #7241, and forged the signature of Individual #2 on the same.

e. On or about October 31, 2014, KEITH LUDLUM caused $1,400 in union money to be paid to Individual #3 by Wells Fargo check #7325, and forged the signature of Individual #2 on the same.

f. On or about November 24, 2014, KEITH LUDLUM caused $1,163.43 in union money to be paid to himself by Wells Fargo check #7444.

g. On or about December 9, 2014, KEITH LUDLUM caused $1,300.00 in union money to be paid to Individual #3 by Wells Fargo check #7489, and forged the signature of Individual #2 on the same.

h. On or about December 18, 2014, KEITH LUDLUM caused $1,000.00 in union money to be paid to Individual #3 by Wells Fargo check #7537.

i. On or about December 23, 2014, KEITH LUDLUM caused $1,163.44 in union money to be paid to himself by Wells Fargo check #7567.

j. On or about December 29, 2014, KEITH LUDLUM caused $800.00 in union money to be paid to Individual #4 by Wells Fargo check #7571, and forged the signature of Individual #2 on the same.

k. On or about January 9, 2015, KEITH LUDLUM caused $400.00 in union money to be paid to Individual #4 by Wells Fargo check #7619, and forged the signature of Individual #2 on the same.

l. On or about January 16, 2015, KEITH LUDLUM caused $900.00 in union money to be paid to Individual #4 by Wells Fargo check #7649, and forged the signature of Individual #2 on the same.

m. On or about January 30, 2015, KEITH LUDLUM caused $400.00 in union money to be paid to Individual #4 by Wells Fargo check #7710, and forged the signature of Individual #2 on the same.

n. On or about February 10, 2015, KEITH LUDLUM caused $400.00 in union money to be paid to Individual #4 by Wells Fargo check #7750, and forged the signature of Individual #2 on the same.

o. On or about February 20, 2015, KEITH LUDLUM caused $400.00 in union money to be paid to Individual #4 by Wells Fargo check #7793, and forged the signature of Individual #2 on the same.

p. On or about March 1, 2015, KEITH LUDLUM caused $400.00 in union money to be paid to Individual #4 by Wells Fargo check #7814, and forged the signature of Individual #2 on the same.

q. On or about March 2, 2015, KEITH LUDLUM caused $1,300.00 in union money to be paid to Individual #3 by Wells Fargo check #7828, and forged the signature of Individual #2 on the same.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

18. The allegations contained in paragraphs 1 through 17 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

19. From in or about January 2012, through in or about March 2015, in the Eastern District of North Carolina and elsewhere, the Defendant, KEITH LUDLUM, did knowingly, intentionally and willfully embezzle, steal, abstract and convert to his own use and the use of another, on a recurring basis, money, funds, property, and other assets of a labor organization of which he was an officer, knowing his appropriation of the property was unauthorized, in violation of Title 29, United States Code, Section 501(c).

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

## FORFEITURE NOTICE

The defendant is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense(s) set forth in Count One and/or Count Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

The forfeitable property includes, but is not limited to, the gross proceeds of the offense(s) personally obtained by defendant LUDLUM in an amount of at least two hundred thirteen thousand two hundred one dollars and five cents ($213,201.05).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

4/17/19

ROBERT J. HIGDON, JR.
United States Attorney

BY: TOBY W. LATHAN
Assistant United States Attorney
Criminal Division

14